# United States Bankruptcy Court
## District of New Jersey
Mitchell H. Cohen U.S. Courthouse
P.O. Box 2067
Camden, New Jersey 08101-2067

**JUDITH H. WIZMUR**  (856) 757-5126
Chief, U.S. Bankruptcy Judge

November 6, 2008

Neil I. Sternstein, Esq.
Law Office of Neil I. Sternstein
Five Aberdeen Place
Woodbury, New Jersey 08096

Joel Ackerman, Esq.
Zucker, Goldberg & Ackerman
200 Sheffield Street, Suite 301
Mountainside, New Jersey 07092-0024

    Re:   Donald and Edna Jeffers
           Case No. 04-10943/JHW
           **LETTER OPINION**

Dear Counsel:

    Remaining to be resolved is the issue of the amount of attorneys' fees to be awarded to debtors' counsel, Neil I. Sternstein, Esquire, in connection with a motion charging GMAC Mortgage Corporation ("GMAC") with contempt of a court order and violation of the automatic stay. The factual circumstances involve the post-petition monthly billing by GMAC to the debtor reflecting substantial charges against the debtors which were never explained. As well, GMAC overcharged the debtors since the filing. In response to a motion for relief from the automatic stay, an order was entered on July 18, 2006, requiring the debtors to cure a two-month arrearage over the course of several months. Notwithstanding the order, GMAC collected an additional $2,195.28 over the next several months, which it has agreed to repay. An order evidencing that agreement has been entered on October 30, 2008. The repayment was forwarded on November 3, 2008.

The debtors are entitled to collect counsel fees in connection with the actions of the mortgagee, particularly with regard to the mortgagee's failure to abide by the terms of the July 2006 order. The debtors seek an award of $6,825 for 18.2 hours of work. The following adjustments must be made to the request.

1.  Debtors' counsel seeks an hourly rate of $375. He states that "the customary rate I charge in matters such as this, especially where I have an impecunious client, and my fee is subject to judicial scrutiny, otherwise my rate is $275 per hour for services in my office, and $325 per hour outside my office." There cannot be a special rate charged for "impecunious" clients. The rate otherwise charged by debtors' counsel will control.

2.  Debtors' counsel has sought fees in connection with court appearances on December 12, 2007, January 23, 2008 and March 26, 2008. Each of these court appearances dealt directly with the trustee's motion to dismiss the case, which was filed on July 25, 2007, was adjourned from time to time, and was not resolved until it was withdrawn on August 27, 2008. While Mr. Sternstein reflects that he had conversations with GMAC's counsel in December and January at the hearings at which he appeared on behalf of the debtors, GMAC may not be charged for attorneys' fees required for court appearances involving the trustee's motion. At the time, there were no matters dealing with GMAC on the court calendar.

3.  Debtors' counsel seeks to be compensated for 1.9 hours spent on July 23, 2008, in connection with a court appearance. The record reflects that this matter was listed for court hearing on the trustee's motion to dismiss on July 23rd. The motion for contempt, initially scheduled on July 14, 2008,

adjourned to July 28, 2008, and then September 2, 2008, was not heard until September 15, 2008. The services rendered in connection with the court appearance on July 23rd will not be reimbursed.

Based on the foregoing, it appears that the debtors spent 7.4 hours in the office ($275 x 7.4 = $2,035) and 2.6 hours out of the office ($325 x 2.6 = $845) for a total award of $2,880.00.

The order submitted is entered herewith.

Very truly yours,

JUDITH H. WIZMUR<br>
CHIEF JUDGE<br>
U.S. BANKRUPTCY COURT